[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10893
Non-Argument Calendar
_____

D.C. Docket Nos. 1:19-cv-21054-KMW; 15-15729-BKC-LMI

JORGE EVELIO ARBELAEZ, SR.,

Plaintiff - Appellant,

versus

ENCLAVE SHORES CONDOMINIUM
ASSOCIATION INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 9, 2021)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Jorge Arbelaez, proceeding pro se, appeals the district court's order affirming the bankruptcy court's denial of his motion for reconsideration of the denial of his motion to reopen Enclave Shores Condominium Association Inc.'s ("Enclave Shores") bankruptcy case. On appeal, he argues that Enclave Shores fraudulently transferred assets and says federal courts are not "powerless" to prevent the United States Bankruptcy Code from being used to commit such fraud.[1] After careful review, we affirm.

"As the second court of review of a bankruptcy court's judgment, we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court." In re Gonzalez, 832 F.3d 1251, 1253 (11th Cir. 2016) (quotation marks omitted). We thus review de novo the bankruptcy court's legal conclusions and review factual findings for clear error. Id. We review the denial of a Federal Rule of Civil Procedure 59(e) motion for reconsideration for abuse of discretion.[2] Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1343 & n.20 (11th Cir. 2010).

---

[1] We liberally construe Arbelaez's pro se filings. Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam).

[2] Rule 59 is made applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9023. See Fed. R. Bankr. P. 9023.

A Rule 59 motion for reconsideration may be granted for newly-discovered evidence or manifest errors of law or fact but cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised before the court entered judgment.  Jacobs, 626 F.3d at 1344.  Arbelaez seems to argue the district court erred by failing to consider the new evidence he presented to show Enclave Shores engaged in fraud.  However, he summarily asserts he "filed the substantial evidence of fraud" without asserting any clear argument to this Court to support that a fraud was perpetrated on the bankruptcy court.  See Appellant's Br. at 34.

Neither does Arbelaez present any newly-discovered evidence or point to any manifest errors of law that would warrant granting his Rule 59(e) motion for reconsideration.  The facts he relied on to support fraud in the bankruptcy court simply describe an ordinary bankruptcy proceeding.  And, as the bankruptcy court found, the actions complained of "were addressed in the bankruptcy case, or associated adversary proceedings," which "became final several years ago."  The district court thus did not err by finding that Arbelaez "did not provide any basis to warrant the relief he requested" and affirming the bankruptcy court's denial of Arbelaez's Rule 59(e) motion for reconsideration of the denial of his motion to reopen the bankruptcy case.

**AFFIRMED.**

3